UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

KATHERINE GAGNON,            )
                            )
        Plaintiff           )
                            )
    v.                      )        2:25-cv-00423-LEW
                            )
CENTRAL MAINE HEALTHCARE     )
CORPORATION,                )
                            )
        Defendant           )

**ORDER ON DISCOVERY ISSUE**

In this class action and collective action, Plaintiff alleges violations of the Fair Labor Standards Act, the Maine Employment Practices Act, and the Maine Minimum Wage and Overtime Law.  The parties disagree as to whether Plaintiff's counsel is entitled to obtain the contact information of putative class members as part of the pre-certification discovery. In accordance with the Court's directive during a recent discovery conference, each party submitted a summary of legal authority in support of their respective position.

**DISCUSSION**

Plaintiff contends that the contact information, which necessarily includes the identities of putative class members, is relevant to Plaintiff's expected certification record and argument.  Pursuant to Federal Rule of Civil Procedure 23, a party requesting class certification must demonstrate that:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  If these conditions are satisfied, the Court may certify a class action if the action is of a type identified in section (b) of the Rule.  Fed. R. Civ. P. 23(b).[1]

When a motion for class certification is anticipated, discovery can be appropriate to assist the parties and the court in assessing the class action requirements of "numerosity,

---

[1] Federal Rule of Civil Procedure 23(b) provides:

(b) Types of Class Actions.  A class action may be maintained if Rule 23(a) is satisfied and if:
(1)  prosecuting separate actions by or against individual class members would create a risk of:
   (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
   (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

(2)  the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

(3)  the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  The matters pertinent to these findings include:

   (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
   (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
   (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
   (D) the likely difficulties in managing a class action.

common questions, and adequacy of representation." *Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 351 n.13 (1978).  Consistent with this approach, the Court has authorized pre-certification discovery in this case.

In assessing whether pre-certification discovery may include putative class members' contact information, "[c]ourts seek to ensure the privacy of putative class members and to protect against the risk of discovery being used improperly by counsel to troll for potential clients by requiring a showing that such discovery is necessary for the plaintiff to support her assertions under Rule 23."  *Castro v. OMTA Tech, Inc.*, No. 26-cv-00133 (LJL), 2026 WL 811157, at * 1 (S.D.N.Y. Mar. 23, 2026) (quotation marks and citation omitted).

A review of relevant authority reveals that a court's assessment of the issue is governed by the facts of the case.  For instance, one court described a request for class information before the filing of a motion for certification as "premature," after observing that "the threshold question in determining whether to order pre-certification in discovery . . . depends upon whether potential opt-in plaintiffs are shown to be 'similarly situated' to the named plaintiff."  *Rouse v. 1 Life Fire Safety, Corp.*, No. 24 CV 4850 (AMD) (CLP), 2025 WL 2997284, at *6 (E.D. N.Y. Oct. 24, 2025) (cleaned up).  As a judge in this district noted, however, some courts have permitted pre-certification discovery to include putative class members' contact information in Rule 23 wage and hour cases, "evidently recognizing that, in such cases, the analysis of whether common questions of law or fact exist and whether a plaintiff's claims are typical of those of putative class members can be nuanced and fact-driven[.]"  *Doyon v. Rite Aid Corp.*, 279 F.R.D. 43, 47 (D. Me. 2011).

As part of discovery in this case, pursuant to the Court's recent discovery order (ECF No. 32), Defendant will produce certain employee information, using the employee identification number for each employee.  Conceivably, the information to be produced could be sufficient for Plaintiff to present her case for certification.  That is, the employee information to be produced will presumably inform numerosity and, at least to some degree, whether the employees are similarly situated.  At this stage, therefore, the Court is not persuaded that the contact information "is necessary" for Plaintiff's certification argument.  *Castro*, 2026 WL 811157, at * 1.

Given the recognized concern regarding the privacy of the putative class members, the reasonable approach would be to proceed as outlined in the Court's recent discovery order at least preliminarily.  If upon receipt of this information, Plaintiff believes the information is insufficient to permit Plaintiff to argue effectively for class certification, or if, in response to Plaintiff's motion for certification, Defendant contends there is insufficient factual support for certification and Plaintiff believes the contact information could refute the argument, Plaintiff can renew her request for the contact information.

## CONCLUSION

After consideration of the parties' arguments and the relevant authority, for the reasons explained herein, the Court concludes that at the present time, Defendant is not required to produce the putative class members' contact information.  Plaintiff may renew her request if circumstances warrant.

## **NOTICE**

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 10th day of June, 2026.